UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN D. RODRIGUEZ,<br><br>             Petitioner,<br><br>    v.<br><br>HERNANDEZ, Warden,<br><br>             Respondent. | Civil No.   08-0856 LAB (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On May 12, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the action on May 21, 2008, because Petitioner had failed to satisfy the filing fee requirement and had failed to allege exhaustion of his state judicial remedies. (*See* Order dated May 21, 2008 [doc. no. 2].) Petitioner was given until July 21, 2000 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and submit a First Amended Petition which alleged exhaustion of his state judicial remedies. (*Id.*)

On July 24, 2008, Petitioner was given an extension of time until August 4, 2008 to comply with the Court's dismissal Order. (*See* Order dated July 24, 2008 [doc. no. 5].) On July 28, 2008, Petitioner paid the $5.00 filing fee and submitted a First Amended Petition. (*See* doc. nos. 6, 7.)

///

///

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Petitioner has again failed to allege exhaustion of his state judicial remedies. In order for this Court to consider Petitioner's challenge to his state court conviction or the length of his confinement in state prison, he must first exhaust his state judicial remedies by "fairly presenting his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)); *see also* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added). Here, Petitioner specifically indicates he has not sought review in the California Supreme Court. (*See* Pet. at 5.)

Further, the Court again cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/ / /

/ / /

1  (D) the date on which the factual predicate of the claim or
2  claims presented could have been discovered through the exercise of due diligence.

3  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

4  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
5  is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).
6  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
7  when its delivery and acceptance [by the appropriate court officer for placement into the record]
8  are in compliance with the applicable laws and rules governing filings."). However, absent some
9  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is
10 pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

11 Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
12 habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to
13 it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.
14 § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal
15 habeas relief because he has not alleged exhaustion of state court remedies.

### **CONCLUSION**

17 For the foregoing reasons the Court **DISMISSES** this case without prejudice and with
18 leave to amend. If Petitioner wishes to proceed with this case, he must submit, **no later than**
19 **October 6, 2008,** a Second Amended Petition which cures the pleading deficiencies outlined in
20 this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK**
21 **SECOND AMENDED PETITION FORM.**

22 IT IS SO ORDERED.
23 DATED:  7/31/08

Larry A. Burns
United States District Judge