UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BENJAMIN D. RODRIGUEZ, | ) | Civil No. 08cv856 LAB(RBB) |
|---|---|---|
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION RE:** |
| v. | ) ) | **GRANTING RESPONDENT'S MOTION** **TO DISMISS [DOC. NO. 13]** |
| HERNANDEZ, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner Benjamin Rodriguez, a prisoner proceeding pro se, filed his Petition for Writ of Habeas Corpus [doc. no. 1] on May 12, 2008, his First Amended Petition [doc. no. 7] on July 28, 2008, and his Second Amended Petition [doc. no. 11] on October 23, 2008, pursuant to 28 U.S.C. § 2254. Petitioner claims he is entitled to habeas relief because (1) the judge abused his discretion in sentencing; (2) the nine strikes included in his sentence violated the Eighth Amendment; (3) his sentence violated the Fourteenth Amendment; and (4) because his sentence was improper, there was a fundamental breach of courtroom administration that violated the Sixth Amendment. (Pet. 5-7.)

On December 15, 2008, Respondent filed a Motion to Dismiss [doc. no. 13] with a Memorandum of Points and Authorities and exhibits.  Respondent alleges that the Petition must be dismissed because it is procedurally defaulted.  (Mot. Dismiss Attach. # 1 Mem. P. & A. 3.)  Petitioner has not filed an opposition.  Although local rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to it, this Court will evaluate the merits of the Motion to Dismiss.  S.D. Cal. Civ. L.R. 7.1(f)(3)(c).

## I.   FACTUAL BACKGROUND

On February 23, 2006, Petitioner was charged with thirty-five counts of committing a lewd act upon a child, including allegations of substantial sexual conduct and one-strike sentencing.  (Mot. Dismiss Attach. # 1 Mem. P. & A. 1-2, Ex. A at 1-17.)  Rodriguez entered into an agreement on December 1, 2006, to plead guilty to nine counts of committing a lewd act upon a child with substantial sexual conduct; he acknowledged a sentencing range of eighteen to twenty-four years; and he waived his right to appeal his sentence. (Id. at Mem. P. & A. 2, Ex. A at 18-20.)  On May 3, 2007, Rodriguez was sentenced to twenty years of imprisonment with nine strikes placed on his record.  (Second Am. Pet. 1-2; Mot. Dismiss Attach. #1 Mem. P. & A., Ex. A at 24.)

## II. PROCEDURAL BACKGROUND

On September 5, 2008, sixteen months after he was sentenced, Rodriguez filed a notice of appeal with the Superior Court of California, County of San Diego.  (Second Am. Pet. 15.)  Because a notice of appeal must be filed within sixty days of judgment, his notice was untimely.  (Id.)  The Clerk of the Superior Court sent Petitioner a letter dated September 9, 2008, explaining that his

1   appeal was late and directing him to contact Appellate Defenders,

2   Inc. if he had any questions.  (Id.)  He requested assistance from

3   Appellate Defenders, Inc. to file a late notice of appeal, but

4   Rodriguez was informed on March 12, 2008, that it would not pursue

5   his case.  (Id. at 13.)  Petitioner wrote to the California Supreme

6   Court, and on September 10, 2008, the Clerk of the Court sent a

7   reply letter to Rodriguez advising him that the court could not

8   provide legal assistance.  (Id.)

9       Rodriguez filed his first federal Petition for Writ of Habeas

10  Corpus on November 21, 2007, which was dismissed for failure to pay

11  the filing fee and failure to allege exhaustion of state judicial

12  remedies.  Rodriguez v. Hernandez, Case No. 07cv2230 J (LSP), slip

13  op. (S.D. Cal. Dec. 14, 2007).  He filed a Petition and Amended

14  Petition in the pending case, on May 12 and July 28, 2008,

15  respectively, both of which were dismissed without prejudice for

16  failure to allege exhaustion of state judicial remedies [doc. nos.

17  1, 2, 7, 8].  On October 23, 2008, Rodriguez filed a Second Amended

18  Petition that alleged he pursued a direct appeal and collateral

19  review in the state courts.  (Second Am. Pet. 2-5.)  He attached

20  the following documents to his Petition:  (1) a September 9, 2008,

21  letter from the Superior Court of California, County of San Diego,

22  (2) a March 12, 2008, letter from the Appellate Defenders, Inc.,

23  and (3) a September 10, 2008, letter from the Clerk of the Supreme

24  Court of California.  (Id. at 13-15.)

25              **III.  STANDARD OF REVIEW**

26      Because Rodriguez filed his Petition after April 24, 1996, it

27  is subject to the Antiterrorism and Effective Death Penalty Act

28

1   (AEDPA) of 1996.   28 U.S.C.A. § 2244 (West Supp. 2008).   AEDPA sets

2   forth the scope of review for federal habeas corpus claims:

3           The Supreme Court, a Justice thereof, a circuit
        judge, or a district court shall entertain an application
4       for a writ of habeas corpus in behalf of a person in
        custody pursuant to the judgment of a State court only on
5       the ground that he is in custody in violation of the
        Constitution or laws or treaties of the United States.
6

7   28 U.S.C.A. § 2254(a) (West 2006); see also Hernandez v. Ylst, 930

8   F.2d 714, 719 (9th Cir. 1991).

9       To present a cognizable federal habeas corpus claim, a state

10  prisoner must allege that his conviction was obtained "in violation

11  of the Constitution or laws or treaties of the United States."   See

12  28 U.S.C.A. § 2254(a) (West 2006).   Petitioner must allege that the

13  state court violated his federal constitutional rights.   See Reed

14  v. Farley, 512 U.S. 339, 347 (1994); Hernandez, 930 F.2d at 719;

15  Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

16      In 1996, Congress "worked substantial changes to the law of

17  habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.

18  1997) (abrogated on other grounds by Williams v. Taylor, 529 U.S.

19  362 (2000)).   Amended § 2254(d) now reads:

20          An application for a writ of habeas corpus on behalf
        of a person in custody pursuant to the judgment of a
21      State court shall not be granted with respect to any
        claim that was adjudicated on the merits in State court
22      proceedings unless the adjudication of the claim --

23              (1) resulted in a decision that was
            contrary to, or involved an unreasonable
24          application of, clearly established Federal
            law, as determined by the Supreme Court of the
25          United States; or

26              (2) resulted in a decision that was based
            on an unreasonable determination of the facts
27          in light of the evidence presented in the State
            court proceeding.

28

4

1  28 U.S.C.A. § 2254(d) (West 2006).

2                        **IV. DISCUSSION**

3      Respondent argues the Second Amended Petition should be

4  dismissed with prejudice because the claims are procedurally

5  defaulted.  (Mot. Dismiss Attach. #1 Mem. P. & A. 3, 5-6.)

6      **A.   Whether Rodriguez's Claims are Procedurally Barred**

7      Under the procedural default doctrine, a federal court "'will

8  not review a question of federal law decided by a state court if

9  the decision of that court rests on a state law ground that is

10 independent of the federal question and adequate to support the

11 judgment.'"  Calderon v. U.S. Dist. Ct. (Bean), 96 F.3d 1126, 1129

12 (9th Cir. 1996) (quoting Coleman v. Thompson, 501 U.S. 722, 729

13 (1991); see also Hill v. Roe, 321 F.3d 787, 789 (9th Cir. 2003);

14 LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001); Park v.

15 California, 202 F.3d 1146, 1151 (9th Cir. 2000).  Where a federal

16 habeas petitioner could have raised a constitutional claim in state

17 court but failed to do so and is now barred by a state rule of

18 procedure, the petition has been procedurally defaulted.  Tacho v.

19 Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988) (citing Murray v.

20 Carrier, 477 U.S. 478, 485 (1986).

21     Federal habeas review of that claim is precluded unless the

22 petitioner "can demonstrate cause for the default and prejudice as

23 a result of the alleged violation of federal law, or demonstrate

24 that failure to consider the claim[] will result in a fundamental

25 miscarriage of justice."  Coleman, 501 U.S. at 750; see also High

26 v. Ignacio, 408 F.3d 585, 590 (9th Cir. 2005) (citing Coleman, 501

27 U.S. at 750); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.

28 1992).

A respondent has the burden of pleading an adequate and independent procedural bar as an affirmative defense.  <u>Bennett v. Mueller</u>, 322 F.3d 573, 585 (9th Cir. 2003).  The burden of proof then shifts to the petitioner to place that defense in issue, for example, by asserting factual allegations demonstrating the inadequacy of the state procedure, including citations to case authority that show an inconsistent application of the state rule.  <u>Id.</u> at 586.  If the factual allegations are made, the burden shifts back to the respondent to demonstrate the bar is applicable.  <u>Id.</u>

Respondent Hernandez argues that as part of the plea agreement, Rodriguez waived his right to appeal or challenge his sentence, and failed to obtain a certificate of probable cause. (Mot. Dismiss Attach. #1 Mem. P. & A. 3, 5.)  Petitioner also did not properly exhaust his claims by presenting them to every level of California courts.  (<u>Id.</u> at 4-5.)

### 1.   Independence of the Rule

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law."  <u>LaCrosse</u>, 244 F.3d at 704 (citing <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1989)); <u>see also</u> <u>Park</u>, 202 F.3d at 1152.  "'A state law ground is so interwoven if the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'"  <u>Bennett</u>, 322 F.3d at 581 (quoting <u>Park</u>, 202 F.3d at 1152).

The California Penal Code provides that a prisoner may not appeal a judgment based on a guilty plea unless the person "has filed with the trial court a written statement . . . showing

reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings[,]" and "[t]he trial court has executed and filed a certificate of probable cause for such appeal . . . ." Cal. Penal Code § 1237.5 (West Supp. 2009). The California Rules of Court add that the notice of appeal "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed. Except [where there is a public emergency], no court may extend the time to file a notice of appeal." Cal. R. Ct. 8.308(a) (West 2009) (formerly Rule 30.1(a)).

All direct appeals from a guilty plea require a timely request for a certificate of probable cause. People v. Mendez, 19 Cal. 4th 1084, 1088-89, 969 P.2d 146, 148-49, 81 Cal. Rptr. 2d 301, 304 (1999). Although a notice of appeal must be filed with the clerk of court, a prisoner may satisfy this requirement by showing that the notice was delivered to prison authorities within the time allowed. In re Jordan, 4 Cal. 4th 116, 130, 840 P.2d 983, 992, 13 Cal. Rptr. 2d 878, 887 (1992). Unless covered by an exception, where a defendant fails to fully and timely comply with the certificate of probable cause requirements, the appellate court is deprived of jurisdiction to determine the merits of the case. People v. Way, 113 Cal. App. 4th 733, 736, 6 Cal. Rptr. 3d 644, 646 (Ct. App. 2003) (citations omitted); see In re Chavez, 30 Cal. 4th 643, 651, 68 P.3d 347, 352, 134 Cal. Rptr. 2d 54, 60 (2003); People v. Panizzon, 13 Cal. 4th 68, 76, 913 P.2d 1061, 1065, 51 Cal. Rptr. 2d 851, 856 (1996).

An appeal that is not based on the validity of a guilty plea is not subject to the certificate of probable cause requirements of California Penal Code section 1237.5. People v. Corban, 138 Cal.

App. 4th 1111, 1116, 42 Cal. Rptr. 3d 184, 188 (Ct. App. 2006) (stating that if the defendant's challenge to his sentence is essentially a challenge of the validity of a guilty plea, the appeal is subject to section 1237.5).  Where a particular sentence is part of a plea agreement, a challenge to the validity of the sentence is viewed as a challenge to the plea itself and is subject to section 1237.5.  People v. Panizzon, 13 Cal. 4th at 79, 913 P.2d at 1068, 51 Cal. Rptr. 2d at 858.  Even where the plea agreement specifies a maximum sentence, it "inherently" reserves the parties' right to a sentencing proceeding, so an appellant need not obtain a certificate of probable cause to challenge the sentence.  People v. Buttram, 30 Cal. 4th 773, 777, 69 P.3d 420, 422, 134 Cal. Rptr. 2d 571, 573 (2003) (citing People v. Cole, 88 Cal. App. 4th 850, 106 Cal. Rptr. 2d 174 (Ct. App. 2001).

Failure to obtain a certificate of probable cause is an independent and adequate state ground for finding a procedural default.  Strong v. Sullivan, 2008 WL 205299, at **1 (9th Cir. Jan. 23, 2008); see also Mitchell v. Superior Ct., 632 F.2d 767, 773 (9th Cir. 2980) (stating that California Penal Code § 1237.5 governs the right to appeal after a guilty plea in state court); Delgado v. Lewis, 223 F.3d 976, 980 (9th Cir. 2000) (explaining that a probable cause certificate is a state "prerequisite" to filing an appeal from a guilty plea).

Here, Rodriguez pleaded guilty pursuant to a plea agreement which specified a sentencing range of eighteen to twenty-four years imprisonment; he also waived his right to appeal his sentence. (Mot. Dismiss Attach. #1 Mem. P & A. Ex. A at 18-19.)  Petitioner's plea agreement did not reserve the right to challenge his sentence.

1   (Id. at Ex. A at 19.)  On May 3, 2007, the trial judge sentenced

2   Petitioner to twenty years' imprisonment, which was in the range

3   set forth in the plea agreement.  (Id. at Ex. A at 21-24; Second

4   Am. Pet. 1.)  Rodriguez would have needed to file a notice of

5   appeal with the superior court no later than sixty days after May

6   3, 2007.  He did not.  Petitioner filed his notice of appeal over a

7   year later, on September 5, 2008.  (Second Am. Pet. 15.)  His

8   notice of appeal was "Received but not filed" with "no further

9   action to be taken" because it was "untimely."  (Id.)  The decision

10  in Rodriguez's case was based on independent state procedural

11  grounds.  Bennett, 322 F.3d at 581.

12            **2.   Adequacy of the Rule**

13       A state procedural rule is "adequate" when the rule is "firmly

14  established and regularly followed" at the time of the default.

15  Anderson v. Calderon, 232 F.3d 1053, 1077 (9th Cir. 2000)

16  (citations and quotations omitted) overruled in part on other

17  grounds by Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003);

18  see also Bennett, 322 F.3d at 583 (citing Poland v. Stewart, 169

19  F.3d 573, 577 (9th Cir. 1999)).  The state procedural rule must

20  also be clear, well-established, and consistently applied.  Wells

21  v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994) (citations omitted).

22  To determine whether a procedural rule has been consistently

23  applied, the court must look at both published and unpublished

24  state cases decided at the time of the purported default.  Powell

25  v. Lambert, 357 F.3d 871, 879 (9th Cir. 2004).

26       Respondent has met his initial burden under Bennett by

27  pleading procedural default as an affirmative defense.  (Mot.

28  Dismiss Attach. #1 Mem. P. & A. 3-4); see Bennett, 322 F.3d at 586.

1  The burden then shifts to Rodriguez to place the defense in issue.
2  <u>Bennett</u>, 322 F.3d at 586.  Ordinarily, a habeas petitioner fulfills
3  his burden under <u>Bennett</u> by asserting "specific factual allegations
4  that demonstrate the inadequacy of the state procedure," including
5  case citations demonstrating inconsistent application of the rule.
6  <u>Id.</u>  As of this date, Rodriguez has not filed an opposition to the
7  Respondent's Motion to Dismiss, but Petitioner attached three
8  letters to his Second Amended Petition that demonstrate his efforts
9  to appeal his sentence and exhaust his state remedies.  (<u>Id.</u> at 2-
10 5, 13-15.)

11     Rodriguez submitted a notice of appeal on September 5, 2008,
12 well beyond sixty days from the May 3, 2007, judgment.  (<u>Id.</u> at
13 15.)  In a letter dated September 9, 2008, the Clerk of the
14 Superior Court informed Petitioner that his notice of appeal was
15 received but not filed because it was untimely.  (<u>Id.</u>)  Rodriguez
16 alleges that this September 9, 2008, letter served as collateral
17 review in the California Superior Court.  (<u>Id.</u> at 3.)

18     On February 1, 2008, Petitioner requested assistance from
19 Appellate Defenders, Inc. to file a late notice of appeal.  (<u>Id.</u> at
20 13.)  Appellate Defenders, Inc. informed Rodriguez, in a letter
21 dated March 12, 2008, that it was unable to help him file a late
22 notice of appeal.  (<u>Id.</u>)  Petitioner alleges that letter served as
23 his direct appeal to the California Court of Appeal.  (<u>Id.</u> at 2.)

24     Then, on August 18, 2008, Rodriguez wrote to the Supreme Court
25 of California.  (<u>Id.</u> at 14.)  The Clerk of the Supreme Court
26 replied on September 10, 2008, and informed him that the court
27 could not provide legal assistance.  (<u>Id.</u>)  Petitioner alleges that

28

1   this letter satisfied his direct review and collateral review in
2   the state's highest court. (Id. at 2, 4.)

3       The evidence that Rodriguez relies on, the three letters
4   described above, do not present "specific factual allegations"
5   showing the state procedure to be inadequate or inconsistently
6   applied. Bennett, 322 F.3d at 586. Thus, Petitioner has not
7   carried his burden. Furthermore, the Ninth Circuit has held that
8   the failure to comply with California Penal Code § 1237.5 is an
9   independent and adequate state procedural bar. Strong v. Sullivan,
10  No. 06-55956, 2008 WL 205299, at **1. Rodriguez has defaulted
11  state court review of the federal claims he attempts to raise in
12  his habeas Petition.

13              **3.   Cause and Prejudice**

14      For the Court to review the merits of defaulted claims,
15  Petitioner must demonstrate cause and prejudice:

16          In all cases in which a state prisoner has defaulted his
            federal claims in state court pursuant to an independent
17          and adequate state procedural rule, federal habeas review
            of the claims is barred unless the prisoner can
18          demonstrate cause for the default and actual prejudice as
            a result of the alleged violation of federal law, or
19          demonstrate that failure to consider the claims will
            result in a fundamental miscarriage of justice.
20
21  Coleman, 501 U.S. at 750; see also Edwards v. Carpenter, 529 U.S.
22  446, 451 (2000).

23      Petitioner has not submitted any evidence explaining the cause
24  for his late notice to appeal and establishing that actual prejudice
25  will result from the alleged constitutional violation. Nor has he
26  demonstrated that failure to consider his claims will result in a
27  fundamental miscarriage of justice. Rodriguez has not met his
28  burden of proof, and the Court is barred from considering his

                              11                    08cv856 LAB(RBB)

1  Petition.  See Coleman, 501 U.S. at 750.  In Coleman, the Court

2  explained the rationale underlying the procedural default doctrine.

3      [A] habeas petitioner who has failed to meet the State's
       procedural requirements for presenting his federal claims
4      has deprived the state courts of an opportunity to address
       those claims in the first instance.  A habeas petitioner
5      who has defaulted his federal claims in state court meets
       the technical requirements for exhaustion; there are no
6      state remedies any longer "available" to him. . . .  The
       independent and adequate state ground doctrine ensures
7      that the States' interest in correcting their own mistakes
       is respected in all federal habeas cases.

8

9  Id. at 732.

10      For the reasons set forth above, the Court should grant

11  Respondent's Motion to Dismiss.  Petitioner's claims have been

12  defaulted by an independent and adequate state procedural rule --

13  the failure to obtain a certificate of probable cause.  Rodriguez

14  has not shown cause and prejudice for the default or that a

15  fundamental miscarriage of justice will result.

16                  **4.   Failure to Properly Present His Claims**

17      Petitioner makes no other allegations that he sought any post-

18  conviction relief in the California state courts.  Rodriguez was

19  required to exhaust state judicial remedies, either on direct appeal

20  or through collateral proceedings, by presenting his claims to the

21  highest California court and providing it with a full and fair

22  opportunity to rule on their merits.  See 28 U.S.C. § 2254(b), (c);

23  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that

24  "state prisoners must give the state courts one full opportunity to

25  resolve any constitutional issues by invoking one complete round of

26  the State's established appellate review process[]"); Rose v. Lundy,

27  455 U.S. 509, 515-16 (1982) (abrogated on other grounds by Rhines v.

28  Weber, 544 U.S. 269 (2005)).  He needed to "present[] his federal

                                    12

1   claim[s] to the appropriate state courts (plural) in the manner

2   required by the state courts . . . ." Casey v. Moore, 386 F.3d 896,

3   915-16 (9th Cir. 2004) (citation omitted).

4        As a separate procedural default, Respondent argues that

5   Rodriguez failed to raise his claims with the California Supreme

6   Court.  (Mot. Dismiss Attach. #1 Mem. P. & A. 4.)  In Gatlin v.

7   Madding, 189 F.3d 882, 888 (9th Cir. 1999), the court explained,

8   "Because California's 'established, normal appellate review

9   procedure is a two-tiered system,' (citing Sullivan v. Boerckel, 526

10  US. at 845), [the petitioner] was required to exhaust his habeas

11  claims in a petition for review to the California Supreme Court."

12  Although Rodriguez wrote to the California Supreme Court on

13  September 10, 2008, he did not properly present his claim to that

14  Court.  (Compare Pet. 14, with Cal. R. Ct. 8.500(a), (c), 8.508

15  (2009).)

16       A procedural default occurs either when (1) the petitioner
         presented his claim to the state courts, which ruled
17       against the petitioner on adequate and independent state-
         law procedural grounds; or (2) the petitioner failed to
18       present the claim to the state courts, and "it is clear
         that those courts would now hold the claim procedurally
19       barred."

20  United States ex rel. Rico v. Hinsley, No. 04C5081, 2007 U.S. Dist.

21  LEXIS 56244, at *13 (N.D. Ill. Aug. 1, 2007) (citing Coleman v.

22  Thompson, 501 U.S. at 735 n.1).  For this separate reason,

23  Rodriguez's claims are procedurally defaulted and may not be

24  considered here.  Because Petitioner has failed to properly present

25  his claims for post-conviction relief to the California Courts,

26  other than the untimely notice of appeal, he has procedurally

27  defaulted the claims.  O'Sullivan v. Boerckel, 526 U.S. at 848.

28

# V. CONCLUSION

Respondent's Motion to Dismiss the Second Amended Petition for Writ of Habeas Corpus [doc. no. 13] should be **GRANTED**.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before April 30, 2009.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before May 18, 2009.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).


Dated: March 20, 2009

RUBEN B. BROOKS
United States Magistrate Judge

cc:  Judge Burns
     All parties of record