# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN D. RODRIGUEZ,<br><br>                Petitioner,<br>vs.<br><br>HERNANDEZ, Warden R.J. Donovan,<br><br>                Respondent. | CASE NO. 08cv0856-LAB (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING WRIT OF HABEAS CORPUS** |

      Petitioner Benjamin Rodriguez, a state prisoner, filed his second amended federal habeas petition in this Court on October 23, 2008. (Doc. No. 11.) Pursuant to 28 U.S.C. § 636, his petition was referred to Magistrate Judge Brooks for a report and recommendation ("R&R"). Respondent filed a motion to dismiss Rodriguez's petition on December 15, 2008. (Doc. No. 13.) Judge Brooks issued his R&R on March 20, 2009. (Doc. No. 15.) Rodriguez did not oppose Respondent's motion to dismiss, nor did he file an objection to the R&R.

      Rodriguez is in custody for committing a lewd act upon a child with substantial sexual conduct, a charge to which he pled guilty. He was sentenced to a 20-year term, with nine strikes placed on his record, on May 3, 2007. (R&R, 2.) He has alleged four grounds for habeas relief. First, the judge abused his discretion at sentencing. (Pet. 6.) Second, the nine strikes included in his sentence violate the 8th Amendment. (Pet. 7.) Third, his 14th Amendment rights were violated by his sentence. (Pet. 8.) Fourth, a breach of courtroom

administration violated his rights under the 6th Amendment. (Pet. 9.) The Court agrees with the R&R and **DENIES** Rodriguez's habeas petition.

## I.    Legal Standard

Because Rodriguez is proceeding *pro se*, the Court construes his pleadings liberally and affords the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Of course, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003 (en banc).

## II.   Discussion

Rodriguez's failure to object to the R&R is of substantial consequence. Not only does it mean the Court need not review the R&R de novo, but the R&R itself warned the parties that "failure to file objections within the specified time may waive the right to appeal the district court's order." (R&R, 14.)

Respondent argues that Rodriguez's petition should be dismissed with prejudice because the claims are procedurally defaulted. The Court has reviewed the R&R and finds that it thoroughly and correctly considered this question, concluding:

> "Petitioner's claims have been defaulted by an independent and adequate state procedural rule – the failure to obtain a certificate of probable cause. Rodriguez has not shown cause and prejudice for the default or that a fundamental miscarriage of justice will result."

(R&R, 12.) The Court agrees.

//

//

**III.  Conclusion**

The Court **ADOPTS** the R&R.  Respondent's motion to dismiss Rodriguez's habeas petition is **GRANTED**, and the petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

DATED: August 16, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge